### G. W. SMITH *v.* C. W. BELL.

Chancery Court — Dismissal of Bill for Failure to Give Security for Costs — Res Judicata.

 The dismissal of a bill for failure of complainant to comply with an order for security for costs, is not an adjudication of the merits, and cannot be pleaded in bar of a subsequent action for same matters.[1]

Bill in chancery by appellant, Smith, against appellee, Bell. From a decree dismissing his bill, complainant appeals.

The bill was for a cancellation of a deed held by Bell to certain lands described therein, as a cloud on complainant's title, and

---

[1] When any suit shall be commenced, the plaintiff or complainant may be required, on motion of the clerk, or any party interested, to give security for all costs accrued or to accrue in such suit, within sixty days after an order of court, made for that purpose; provided, that the party making such motion shall make and file an affidavit that such plaintiff or complainant is a non-resident of the State, and has not, as he believes, sufficient property in this State, out of which the costs can be made, if adjudged against him; or, if the plaintiff or complainant be a resident of the State, that he has good reason to believe, and does believe, that such plaintiff or complainant cannot be made to pay the costs of such suit, in case the same shall be adjudged against him; and if the security be not given, the suit shall be dismissed, and execution issued, for the costs that have accrued, or the court may, on cause shown, extend the time for giving such security." Code of 1880, § 2360; Code of 1892, § 862; Code of 1906, § 940.

The Circuit Court has a discretionary power to allow the plaintiff to give security for costs, after the expiration of the sixty days in which he has been

was filed in the Chancery Court of Alcorn county in March, 1882. At the next term of that court Defendant Bell filed his motion to dismiss the bill, because a suit had been brought in said court at a former term and dismissed because complainant failed to comply with an order to give security for costs; that the former suit embraced the same cause of action. This motion was overruled, and defendant filed a plea, embracing the same defense. The plea was held to be good, and the bill was dismissed.

APPEALED from Chancery Court, Alcorn county, L. HAUGHTON, Chancellor.

Reversed and remanded, January 22, 1883.

*Attorneys for appellant, Calhoon & Green, and G. W. Reynolds.*

*Attorneys for appellee, Nugent & McWillie.*

Brief of G. W. Reynolds is not found in the record.

Brief of Calhoon & Green:

Very clearly, the plea of *res adjudicata* was bad. In order to work an estoppel, the judgment must not only be final, but *on the merits.* Wells on Res Jud., § 440; Fr. on Judgments, § 260.

---

required to give it by a rule of the court; and such security may be given at the next succeeding term by permission of the court, and the granting of such permission is in conformity to the object and spirit of the law. Kyle *v.* Stinson, 13 S. & M. 301.

A judgment between the same parties on the same cause of action is conclusive between them. The exceptions to this rule are, first, where the first action was not competent; second, where the plaintiff has mistaken his character; third, where the judgment is rendered for a fault in the declaration or pleadings. The true question to be determined in such cases is not whether the former suit was actually determined on the merits, but whether the merits were involved, and could have been determined in that suit. And the plaintiff who brings a second suit must not leave it to nice investigation to determine whether the cause of action is the same, or different; and it is a matter of no importance that the form of action in the first suit was different from the form in the last. Agnew *v.* McElroy, 10 S. & M. 552; Johnson *v.* White, 13 S. & M. 584; Moseby *v.* Wall, 1 Cush. 81.

The affidavit of poverty prescribed by statute, sections 2368-69, of the Code

"If, manifestly, the dismissal for want of pleading, want of parties, a misconception of the form of proceeding, the want of jurisdiction, or *any ground which does not involve an adjudication of the merits,* there is no bar." Wells, § 455, quoting Hughes *v.* U. S., 4 Wall. 237.

There must have been a real trial of the matter at issue. Wells, § 14.

"A dismissal or non-suit, not affecting the rights of the parties, cannot support the plea of *res adjudicala."* Fr. on Judgments, § 261.

And that section and all authorities hold that *non pros, nolle pros,* and non-suit judgments cannot support such a plea.

In the case at bar it is clear that the mind of the court was addressed alone to the question whether its rule had been complied with—that is, whether security for costs had or had not been given. A dismissal for non-compliance was no more an estoppel than a dismissal for non-joinder, or misjoinder of parties, or on sustaining a demurrer for multifariousness would be.

It seems that this case is the only one in the books where a plea of estoppel for *res adjudicata,* on the ground of the dismissal of the former suit for non-compliance with a rule for security for costs, has ever been filed. It is fair to presume that the idea that such a plea was valid has never heretofore in the world's history

of 1880, answers for the prepayment of costs, and also the rule to give security for costs. Eakin *v.* Gwin, 1 Miss. Dec. 30, and cases cited in notes.

Security for costs may be given after the expiration of the sixty days, and after motion at the succeeding term to dismiss the case. The matter is within the discretion of the court. Martin *v.* Kelly, 59 Miss. 652.

A judgment or decree is conclusive between parties and privies, both as to law and facts directly in issue, not only as to the rights of the parties in the particular suit, but as to every fact which is positively, or by necessary implication, affirmed. But mere collateral matters, which either party may offer in evidence in respect to the controversial question, are not facts in issue. Land *v.* Keirn, 52 Miss. 341.

Parties to a suit are concluded only as to those matters which are of the essence of the cause, or so involved in the controversy that a decision of them would be decisive of the suit, or of a material part thereof. Lorance *v.* Platt, 67 Miss. 183; 6 So. 772; Schumpert *v.* Dillard, 55 Miss. 348.

A dismissal of a suit for failure to file security for costs is not a bar to another suit brought afterwards on the same cause of action. Dean *v.* Ridgway, 6 So. 236.

effected a lodgment in the human understanding. It might as well be argued that such a plea would be good applied to a case where the clerk had refused to file a bill because complainant had not given security. In such case, the only penalty provided by the statute is that the party shall not file his bill. In the former case the only penalty provided by the statute is the dismissal of that suit with costs accrued.

Smith was entitled to his five months in which to take proof, before final hearing, by the terms of the statute.

On reversal of the ruling sustaining the plea and dismissing the bill, that ruling having been made, on Bell's setting the cause for final hearing on the then pleadings, Smith is entitled to a decree in this court according to the prayer of his bill.

Brief of Nugent & McWillie:

We do not question the authorities relied on in support of the general proposition that the dismissal of a suit for some matter of form merely does not operate as a bar to a subsequent suit between the same parties and about the same subject-matter. But the case at bar does not fall within that class. A provision for the payment of costs is made an essential requirement to the maintenance of suit in every instance where there is no affidavit of poverty, and the statute directs that, upon a failure to comply with the order of the court, the complainant's suit shall be dismissed. There is no saving clause allowing the suit to be brought anew, and a dismissal must be regarded as a finality. Code 1880, § 2360.

Not only is there nothing in the section cited to indicate that such dismissal should not be final, but we also find that suits dismissed on failure to comply with a rule for costs are not included in that class of cases which are authorized by our statute to be brought anew. Section 1722.

In the case of American Burial Co. *v.* Shaughnessy, 59 Miss. 400, this court declared that "an order of dismissal is a final judgment and puts an end to the jurisdiction of the court." In that case the ground, as recited in the order for dismissal, was that no legal representative had appeared and become a party to the suit, and no docket fee had been paid, the docket fee alluded to being that prescribed by the act establishing a special court dis-

trict in Warren county (Acts 1876, p. 239); and the court held the dismissal final and conclusive for both reasons.

This case seems to be directly in point, and draws a proper distinction between "technical discontinuances of suits under the common law, arising out of the acts of the parties or their counsel, and formal orders of court dismissing cases for any cause."

The dismissal of a cause for failure to comply with an order requiring security for costs is essentially different from the class referred to in section 1722, Code 1880, and comes within the distinct class of formal orders made by the court referred to in the case cited. It is an order made by a court under authority of the statute, and upon a showing required by the statute of the defendant. It is but the legitimate exercise of a power in the court necessary for the protection of its own officers, for if the plaintiff can refuse to give security for costs in obedience to judicial direction, and yet renew his action upon dismissal, why could he not a second, third and fourth time refuse, and go on bringing new suits upon each dismissal, to the injury and annoyance of the officers of the court, the oppression of his adversary, and the ridicule of public justice? It will be observed that this section— 2360—can affect no others save those who are able to pay or give security for costs, for under another section—2369—the plaintiff can at any stage of the proceedings avoid or answer the rule by making oath to his inability to pay or secure the costs, and that to the best of his belief he is entitled to the relief which he seeks. If the plaintiff, failing to give security or pay the costs as required by the court, fails also to make the affidavit necessary to avoid the rule, it is fair to presume that he cannot honestly swear that he has a meritorious case, or that his refusal is simply contumacious, and that he is determined to defeat the collection of costs, if adjudged against him, notwithstanding the efforts of the court to protect its officers. If he could go on bringing an indefinite number of suits, we suppose, the officers of court would, in the first instance, object to any motion for security, for he could go on adding to their labor with each dismissal until they would be at length compelled, for peace's sake, after having earned fees, say, in a half dozen cases, which they have no security for, to let the last case go on to final judgment on the merits also without security for costs.

The failure to avoid the rule by making affidavit under sections 2369 and 2368 ought really to be treated as an admission by the plaintiff that he has no substantial cause of action, unless we are to regard his refusal as willfully disobedient and disrespectful. And when the dismissal is made upon a rule that can be avoided by an affidavit of poverty and meritoriousness, it cannot be said that the dismissal does not involve the merits of the case. Construing the several conditions of the statute together and applying them to the facts in hand, it is fair to say that the suit was dismissed because it was without merit, and the plaintiff, though able, would make no provision for the costs of court, for the affidavit by which he could easily have avoided the rule, and which he would not make, involves a showing contrary to both of those facts. In this view of the case, the authorities relied on by opposing counsel fully warrant an affirmance of the decree; but, aside from this, we think, the formal entry of an order of dismissal by the Chancery Court, without any reservation that it shall be *without prejudice* to a subsequent suit, is final and conclusive. Leese *v.* Sherwood, 21 Cal. 151; Bigelow *v.* Wilson, 1 Gray, 30; Story's Eq. Pl., § 793; Mitford's Eq., 330; Nevitt *v.* Bacon, 32 Miss. 228; Bush *v.* Bush, 1 Stroble, Eq., 377.

The case cited from our own court—59 Miss. 400—observes a distinction between dismissals by order of court for any cause and those technical discontinuances resulting from the acts or omissions of the parties or their counsel, and it is certainly a proper one, for there is a wide difference. A plaintiff cannot be compelled to take a non-suit. It must be by his own consent. Clark *v.* Steamboat Mound City, 9 Mo. 146; Perrin *v.* Wilson, 9 Mo. 148; Wells *v.* Biddle, 9 Mo. 159.

And it is to this class of cases, involving the assent of the plaintiff, that our statute refers when providing for the renewal of actions. The language employed is permissive: "The plaintiff may suffer a non-suit or dismiss any cause," and when he does so "he shall stand in the same situation as though he had never instituted such suit." It has reference to the case of a plaintiff who is proceeding erroneously and turns loose to mend his hold, and was not intended to render ineffectual a formal dismissal of a cause resulting from judicial determination independent of the assent of the plaintiff.

We insist that the power to dismiss suits for refusal to comply with the requirements of law and the orders of the court is necessary to the proper operation of the judicial system, and that the construction of the law contended for by appellant as to the conclusiveness of such dismissal would certainly render the statute nugatory and ineffectual and greatly embarrass the administration of justice.

OPINION.—COOPER, J.:

The dismissal of a cause by the Chancery Court because of the failure of the complainant to comply with an order requiring security for costs is not an adjudication of the merits of the controversy, and cannot be pleaded in bar of a subsequent suit for the same matters.

*The decree of the chancellor is reversed,* the plea of the defendant is disallowed, and the defendant is allowed thirty days after the mandate in the case shall have been filed in the court below to answer complainant's bill.